IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS A. PACKETT,
19450-047,

    Petitioner,

      vs.

JERRY S. WALTON,

    Respondent.                               Case No. 14-cv-00606-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Douglas Packett, currently incarcerated in the United States Penitentiary in Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging an administrative decision of the Bureau of Prisons denying him credit for time served prior to the imposition of his federal sentence. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

    **IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within twenty-eight days of the date this order is entered (on or before **July 15, 2014**).[2] This preliminary order to respond does not, of course, preclude the

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.
[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 17th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.17 13:04:20 -05'00'

**Chief Judge**
**United States District Court**